■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILFREDO RODRIGUEZ, Appellant.— Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter, first degree and assault, second degree based upon a jury finding that he discharged a shotgun at two individuals killing one and injuring the other. The police arrived and sought information from persons gathered at the scene as to the

identity of the assailant. Appellant then volunteered that "I did the shooting. I'm the one you want." He was thereupon arrested and handcuffed. The officers then inquired where the gun was and defendant took them to his nearby home where the gun was found. The trial court erred in receiving in evidence the gun over the objection of defense counsel inasmuch as it was obtained after the arrest of appellant and in the absence of proof that he had been apprised of his right to remain silent and of his right to counsel. (Cf. *People* v. *Shivers,* 21 N Y 2d 118, 121.) We conclude, however, that if it be assumed that the error was constitutional error it does not automatically call for reversal. (*Chapman* v. *California,* 386 U. S. 18, 22.) "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." (*Fahy* v. *Connecticut,* 375 U. S. 85, 86–87; see also *People* v. *Hagan,* 29 A D 2d 931.) Here there is testimony from Officer Miller (given before there was any proof that appellant was under arrest or had been handcuffed) that Miller asked where the gun was and defendant said "Come on, I'll show you * * * My wife has it." They then went to appellant's home and obtained the weapon. After the proof subsequently came in that defendant at the time of this conversation was in custody, there was no motion to strike this testimony. Moreover, defendant's wife — called as a defense witness — related on cross-examination that when defendant returned home after the shooting he gave the gun to her and she put it under a bed. While, as stated, the exhibit should not have been received in evidence we conclude in the light of all the proof that there is no reasonable possibility that the weapon itself contributed to the conviction. (Cf. Code Crim. Pro., § 542.) (Appeal from judgment of Monroe Trial Term convicting defendant of manslaughter, first degree and assault, second degree.) Present — Bastow, P. J., Goldman, Marsh, Witmer and Henry, JJ.